IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03056-MSK-MJW

DAVID W. RIVARD,
LEANNE RIVARD, Individually and
 on behalf of their minor child
CAMERON RIVARD,

            Plaintiffs,

vs.

CAPTAIN RICH DURAN,
SERGEANT RICHARD ARMSTRONG
TROOPER MARK BARRITT,
VERNE E. SOUCIE, and
JOHN DOES 1-5,

            Defendants.

_____

### STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

( Docket no 31-1 )
_____

        WHEREAS, the Court finds good cause for entry of an order to protect the

discovery and dissemination of confidential information or information that would annoy,

embarrass, or oppress parties, witnesses, and persons providing discovery in this civil

action, IT IS ORDERED:

        1.      This Protective Order shall apply to all documents, materials, and

information, including without limitation, documents produced, answers to

interrogatories, responses to requests for admission, deposition testimony, and other

information disclosed pursuant to the disclosure or discovery duties created by the

Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3.    Information designated "CONFIDENTIAL" shall be information that is confidential and implicates any individual's common law or statutory privacy interests and contains confidential medical, psychological, health care-related, workers' compensation-related, financial, banking, proprietary, and/or other personal information.

4.    No party shall designate any document "CONFIDENTIAL" that has been admitted into evidence at any trial or hearing, unless the Court: (a) ~~sealed~~ Restricts public access to the document and/or closed the hearing/trial to the public; or (b) any motion to do so is pending.

*MJW*
*5-31-12*

5.    Documents, materials, and/or information designated "CONFIDENTIAL" (collectively "CONFIDENTIAL information") shall not be disclosed or used for any purpose except the preparation and trial of this case.

6.    CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a)    attorneys actively working on this case;

(b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the *preparation for trial, at trial, or at other proceedings in this case;*

(c)    the parties, including their designated representatives;

(d)     Defendant Soucie's liability insurance carrier, State Farm Mutual
Automobile Insurance Company;

(e)     expert witnesses and consultants retained in connection with this
proceeding, to the extent such disclosure is necessary for preparation, trial
or other proceedings in this case;

(f)     the Court and its employees ("Court Personnel");

(g)     stenographic reporters who are engaged in proceedings necessarily
incident to the conduct of this action;

(h)     deponents or witnesses during the course of any examination;

(i)     Colorado's Office of Risk Management and officers and risk managers at
the Colorado Department of Public Safety; and

(j)     other persons by written agreement of the parties.

7.     Nothing in this Order shall prohibit, restrict, or require an authorization for
the retention, use, or disclosure of CONFIDENTIAL information as authorized or as
reasonably required by federal or state law or regulation, or court order or rule (including
preservation of evidence relevant to litigation under court rules).

8.     Prior to disclosing any CONFIDENTIAL information to any person listed
above (other than counsel, persons employed by counsel,  Colorado's Office of Risk
Management and officers and risk managers at the Colorado Department of Public
Safety , Court personnel and stenographic reporters), counsel shall provide such person
with a copy of this Protective Order and obtain from such person a written
acknowledgment stating that he or she has read this Protective Order and agrees to be

bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

9.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

10.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11.    A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the

motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12.    In all court filings, counsel shall comply with D.C.COLO.LCivR 7.2 as to any information to be submitted under ~~seal~~ / Restricted Access based on the Protective Order.

*M J W*
*5-31-12*

13.    At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents, except as follows:

(a)    CONFIDENTIAL information retained by counsel shall be destroyed in accordance with counsel's regular business practices for destruction of client files unless a court order reasonably requires a longer retention period;

(b)    CONFIDENTIAL information retained by State Farm Mutual Automobile Insurance Company shall be destroyed at the earliest date that permits State Farm to comply with its retention obligations under applicable insurance regulations, including antifraud regulations, any evidentiary hold orders in connection with other litigation; statutory requirements, including

statutes of limitation; and State Farm's regular business practices for

destruction of documents;

(c)     Notwithstanding (a) and (b) above, State Farm shall not disclose any

CONFIDENTIAL information to any third parties unless such disclosure is

authorized in writing by the disclosing party, subpoena, court order,

insurance regulation or statute.

Where the parties agree to destroy CONFIDENTIAL documents, the destroying party

shall provide all parties with an affidavit confirming the destruction.

14.     This Protective Order may be modified by the Court at any time for good

cause shown following notice to all parties and an opportunity for them to be heard.

SO ORDERED THIS _31ST_ OF _MAY_____, 2012.

BY THE COURT

_____

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

## ACKNOWLEDGMENT

I, _____, hereby acknowledge that I

have read and understood the terms of the foregoing Stipulated Protective Order

Regarding Confidential Information ("Order") and will abide by the terms of the Order.  I

also agree that I will not disclose any Confidential Information or the contents contained

therein to any person or use the Confidential Information for any purpose other than this

civil action.  I understand that unauthorized disclosure of any of the Confidential

Information or its contents to any unauthorized person will constitute contempt of court.


_____


Dated:_____

Dated  May 25, 2012.

Respectfully submitted,

/s/ Timothy M. Rastello
Timothy M. Rastello
HOLLAND & HART LLP
1800 Broadway, No. 300
Boulder, CO 80302
303.473.2727
303.975.5358 (fax)
trastello@hollandhart.com

**ATTORNEYS FOR PLAINTIFFS**

/s/  Joshua R. Proctor
Marc R. Levy, Esq.
Joshua R. Proctor, Esq.
LEVY WHEELER WATERS
Plaza Tower One, Suite 900
6400 S. Fiddlers Green Circle
Greenwood Village, CO  80111
Email: mlevy@lwwlaw.com
        jproctor@lwwlaw.com

**ATTORNEYS FOR DEFENDANT
VERNE E. SOUCIE**

/s/ William V. Allen
William V. Allen
Office of the Attorney General
for the State of Colorado
1525 Sherman Street
Denver, CO  80203
Email:  will.allen@state.co.us

**ATTORNEY FOR DEFENDANTS
CAPTAIN RICH DURAN, SERGEANT
RICHARD ARMSTRONG, AND
TROOPER MARK BARRITT**